# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

---------------------------------------------------------
JIMMY HAYNES, *individually, and on behalf of all others similarly situated,*

        Plaintiff,

    v.

PURCELL TIRE COMPANY,

        Defendant.
---------------------------------------------------------

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Jimmy Haynes (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC, hereby files this Collective and Class Action Complaint against Defendant, Purcell Tire Company (hereinafter referred to as "Defendant"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff brings this action, individually and as a collective action on behalf of all other hourly-paid employees who received overtime compensation and service commissions who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations.

2. Additionally, Plaintiff brings this action, individually and as a Rule 23 class action on behalf of all hourly-paid employees who received overtime compensation and service commissions to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and

reasonable attorneys' fees and costs as a result of Defendant's violations of Nev. Rev. Stat. ("N.R.S.") §§ 607.016, 608.018, and 608.260. *et seq.*

3. Further, Plaintiff brings this action, individually, to recover unpaid commissions due and owing, interest thereon, and reasonable attorneys' fees and costs as a result of Defendant's violation of Nev. Rev. Stat. ("N.R.S.") §§608.005, *et seq.*, and 608.190.

4. Defendant provides customers with automotive repairs and services, specializing in the distribution of automotive tires and wheels.

5. Plaintiff and the members of the putative collective and class are/were employed by Defendant as hourly-paid employees and were responsible for handling changing and/or repairing automobile tires in shop or on the road, as well as delivering tires to customers at designated locations.

6. Plaintiff and other hourly-paid employees are/were victims of Defendant's common policy of failing to incorporate their non-base compensation (such as service commissions) into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and other hourly-paid employees received an hourly rate of overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1); *see also* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

7. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as: *all current and former hourly-paid employees, who received overtime compensation and service commissions, who*

*worked for Defendant at any time within three (3) years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. §§ 207(a)(1); 216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendant because they are headquartered in Missouri.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

13. Plaintiff Jimmy Haynes is a resident of Las Vegas, Nevada, and worked for Defendant from approximately February 2021 until August 2021, and then from approximately November 12, 2021, to June 24, 2022.

14. Plaintiff worked at Defendant's Las Vegas, Nevada location.

15. Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

3

16. Defendant Purcell Tire Company is a Missouri for-profit general business with a principal address located at 301 N. Hall Street, Potosi, MO 63664.

17. Defendant maintains and operates tire service centers located in Arkansas, Arizona, Illinois, Kentucky, Missouri, Nevada, Texas, Utah, and Washington.

18. Defendant's registered agent for service of process in Missouri is Maurice B. Graham, 701 Market Street, Suite 800, St. Louis, MO 63101.

## GENERAL ALLEGATIONS

19. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

20. Defendant employs hourly-paid employees to handle changing and/or repairing automobile tires in shop or on the road, as well as delivering tires to customers.

21. At all times relevant to this action, Defendant is an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

22. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

23. In addition, hourly-paid employees' were engaged in commerce, and thus subject to individual coverage under the FLSA.

24. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provision of 29 U.S.C. § 201, *et seq*.

25. Hourly-paid employees are/were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

26. Defendant "suffered or permitted" hourly-paid employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

27. Defendant classified hourly-paid employees as non-exempt employees and paid them on an hourly basis without any guaranteed, predetermined amount of pay per week.

28. Defendant paid hourly-paid employees additional non-base compensation (e.g., service commissions).

29. From approximately February 2021 until August 2021 and approximately November 12, 2021, to June 24, 2022, Plaintiff worked at Defendant's tire service center located in Las Vegas, Nevada.

30. Hourly-paid employees often worked in excess of forty (40) hours in a workweek.

31. Plaintiff regularly worked in excess of forty (40) hours in a workweek.

32. Defendant was aware, or should have been aware, that hourly-paid employees were regularly working in excess of forty (40) hours in a workweek.

33. As a non-exempt employee, Plaintiff and other hourly-paid employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

34. In pay periods where hourly-paid employees worked over forty (40) hours and received commissions, they were paid at an incorrect overtime rate of pay, less than 1.5 times their regular rate.

35. Specifically, Defendant failed to incorporate hourly-paid employees' non-base compensation (such as service commissions) into their regular rates of pay, for purposes of calculating their hourly overtime rates.

36. As a result, there were many weeks throughout the statutory period in which Plaintiff and all other hourly-paid employees received an hourly rate for overtime less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

37. Under the FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

38. No matter how an employee is paid – whether by the hour, by the piece, on a commission, or on a salary – the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. § 778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

39. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendant to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3d Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to Plaintiff and other hourly-paid employees for work performed are included in the base calculation unless specifically excluded by statute.

6

40. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling*, 325 U.S. at 425. The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wage to rate per hour to determine compliance with the statute.

41. Plaintiff's and other hourly-paid employees' "total remuneration" included not only their hourly pay, but also their service commission payments.

42. However, Defendant failed to incorporate service commission payments made to Plaintiff and other hourly-paid employees into the calculations of their regular rates, which caused them to receive overtime rates that were less than one and one-half times their regular rates.

43. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

45. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former hourly-paid employees, who received overtime compensation and service commissions, who worked for Defendant at any time*

*within three (3) years preceding the commencement of this action and the date of judgement ("FLSA Collective").*

47. Plaintiff reserves the right to amend this definition as necessary.

48. Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside salespersons.

49. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

50. The employment relationship between Defendant and every FLSA Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendant failed to incorporate non-base compensation into their regular rates of pay, for purposes of determining their hourly overtime rates – do not vary substantially among the FLSA Collective members.

51. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over one hundred (100) members. The precise number of the FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

52. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

53.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

54.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid employees, who received overtime compensation and service commissions, who worked for Defendant in Nevada at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Nevada Class").*

55.     The members of the Rule 23 Nevada Class are so numerous that joinder of all members is impractical. The Rule 23 Nevada Class members may be informed of the pendency of this class action by direct mail, e-mail, and text message.

56.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Nevada Class, including, but not limited to:

A.     Whether Defendant was required to incorporate Rule 23 Nevada Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

57.     Plaintiff's claims are typical of the claims of the Rule 23 Nevada Class members. Plaintiff is a former employee of Defendant and was employed as an hourly-paid employee who has suffered similar injuries as those suffered by the Rule 23 Nevada Class members as a result of Defendant's failure to incorporate non-base compensation into their regular rates of pay, for purposes of determining their hourly overtime rates. Defendant's conduct of violating the N.R.S. has impacted the Rule 23 Nevada Class in the exact same way.

58. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Nevada Class. Plaintiff is similarly situated to the Rule 23 Nevada Class and has no conflict with the Rule 23 Nevada Class members.

59. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

60. Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Rule 23 Nevada Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Nevada Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the N.R.S., has acted or refused to act on grounds generally applicable to the Ruel 23 Nevada Class, thereby making equitable relief appropriate with respect to the Ruel 23 Nevada Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Rule 23 Nevada Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

61. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule

23 Nevada Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

62. Additionally, the damages suffered by each Rule 23 Nevada Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Nevada Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Nevada Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Nevada Class to protect his or her interests.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

63. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

64. Plaintiff worked for Defendant from approximately February 2021 until August 2021, and then from approximately November 12, 2021 to June 24, 2022.

65. As part of his employment with Defendant, Plaintiff was eligible to receive commissions at fixed percentages based on certain services and/or activities performed.

66. Defendant agreed to pay Plaintiff earned commissions as evidenced by its prior practice of compensating Plaintiff earned commissions for particular services performed.

67. On or about June 3, 2022, Plaintiff complained to his manager regarding unpaid commissions for services performed.

68. On or about June 15, 2022, Plaintiff again complained about not receiving commissions for services performed to his new manager.

11

69. Defendant failed to compensate Plaintiff his due and owing commissions.

70. On or about June 24, 2022, Plaintiff resigned from his employment with Defendant.

71. Subsequent to his separation, Plaintiff has not been compensated his earned commissions despite notifying Defendant such commissions are due and owing.

72. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
*(Brought on an Individual and Collective Basis)*

73. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

74. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

75. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

76. In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

77. Defendant failed to incorporate Plaintiff and the FLSA Collective members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and the FLSA Collective members received an hourly rate for overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

78. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined the correct hourly overtime rate by incorporating their non-base compensation into their regular rates of pay, and Defendant could have properly compensated Plaintiff and the FLSA Collective members for such time at the correct rate, but did not.

79. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and attorneys' fees.

**COUNT II**
**Nev. Rev. Stat. §§ 608.016 and 608.018,** *et seq.*
**FAILURE TO PAY OVERTIME WAGES**
**(*Brought Individually and as a Class Action Under Fed. R. Civ. P. 23*)**

80. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

81. All members of the Rule 23 Nevada Class are entitled to their regular wages and/or overtime pursuant to Nevada's wage and hour laws, N.R.S. §§ 608.016, 608.018, and 608.260.

82. Defendant was an "employer" and Plaintiff and the Rule 23 Nevada Class members were "employees" for purposes of the N.R.S.

83. N.R.S. § 608.016 provides that an "employer shall pay to the employee wages for each hour the employee works."

84. N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

85. N.R.S. § 608.260 allows employees to "bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage."

86. N.R.S. § 608.140 provides employees with a private right of action to recover wages owed under N.R.S. §§ 608.016. *See Neville v. Eighth Judicial Dist. Court of Nev.*, 406 P.3d 499 (Nev. 2017).

87. By failing to pay Plaintiff and members of the Rule 23 Nevada Class for all of the time they worked at their correct hourly rates of pay (including a payment equal to 1.5 times their ordinary wage on that time), Defendant violated N.R.S. §§ 608.016, 608.018, and 608.260.

88. Defendant failed to incorporate Plaintiff and the Rule 23 Nevada Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

89. As a result, there were many weeks throughout the statutory period in which Plaintiff and the Rule 23 Nevada Class members received an hourly rate for overtime hours of less than "one and one-half times the[ir] regular rate," in violation of N.R.S. § 608.018.

90. Defendant's violations of the N.R.S. were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

91. Defendant's actions discussed above were willfully oppressive, fraudulent and malicious, entitled Plaintiff and the Rule 23 Nevada Class to punitive damages.

92. Defendant violated Nevada law, including N.R.S. §§ 608.016, 608.018, and 608.260 by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Nevada Class as described in this Collective and Class Action Complaint. As a result, Plaintiff and the Rule 23 Nevada Class have and will continue to suffer loss of income and other damages.

93. Accordingly, Plaintiff and the Rule 23 Nevada Class are entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005, *et seq*.

**COUNT III**
**Nev. Rev. Stat. §§ 608.005, *et seq*.**
**FAILURE TO PAY WAGES**
*(__Brought Individually__)*

94. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

95. At all times relevant hereto, Defendant was an "employer" and Plaintiff was an "employee" for purposes of the N.R.S., and subject to the terms of N.R.S. § 608.005, *et seq. See also* N.R.S. § 608.010.

96. N.R.S. § 608.016 provides that an "employer shall pay to the employee wages for each hour the employee works."

97. Defendant failed to pay lawful wages to Plaintiff including but not limited to paying Plaintiff's owed and promised commission payments in violation of N.R.S. § 608.005, *et seq*.

98. At all relevant times and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the wage provisions of N.R.S. § 608.005, *et seq*.

99. N.R.S. § 608.190 provides that a person shall not willfully refuse or neglect to pay the wages due and payable when demanded, nor falsely deny the amount or validity thereof with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due.

100. Defendant failed to pay Plaintiff his wages due and payable when Plaintiff demanded. Such action by Defendant was done with the intent to annoy, harass, hinder, delay, and/or defraud Plaintiff to whom such wages were due and owing.

101. Plaintiff was instructed to work, and perform such work, with the expectation that he would be paid a commission amount and lawful wages for such work. Plaintiff was not tendered the full amount of commissions due and owing, despite the fact that Plaintiff completed and performed the work.

102. All of the alleged violations of the law herein were committed intentionally and/or willfully by the Defendant.

103. Plaintiff seeks all available damages for Defendant's violation of N.R.S. § 608.016, 608.190, and 608.040, and suitable injunctive relief, along with attorneys' fees, costs, and interest.

104. As a direct and proximate result of Defendant's failure to pay lawful wages to Plaintiff, he has suffered general, special, and consequential damages.

105. Defendant's acts and/or omissions were fraudulent, malicious, and/or oppressive under N.R.S. § 42.005 and as such Plaintiff is entitled to an award of punitive damages.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective and Rule 23 Nevada Class, respectfully requests that this Court grant the following relief against Defendant:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. Certifying this action as a class action (for the Rule 23 Nevada Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

C. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Nevada Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including publishing of notice is a manner that is reasonably calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D. Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Nevada Class, and undersigned counsel as Class counsel for the same;

E.  Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F.  Finding that Defendant violated the N.R.S., and that said violations were intentionally, willfully oppressive, fraudulent and malicious;

G.  Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Nevada Class the full amount of compensatory damages and liquidated damages available by law;

H.  All damages and penalties owed to Plaintiff and the Rule 23 Nevada Class under N.R.C. § 608.005, *et seq.*;

I.  Punitive damages;

J.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

K.  Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 Nevada Class members in this action;

L.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

M.  Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Jimmy Haynes, individually and on behalf of all other FLSA Collective and Rule 23 Nevada Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully submitted,

|  |  |
|---|---|
|  | **BROWN, LLC** |
| Dated: July 14, 2022 | */s/ Nicholas Conlon*<br>Nicholas Conlon (to seek PHV)<br>34052013 (NJ)<br>Edmund C. Celiesius (to seek PHV)<br>326197 (PA)<br>111 Town Square Place, Suite 400<br>Jersey City, NJ 07310<br>ed.celiesius@jtblawgroup.com<br>nicholasconlon@jtblawgroup.com<br><br>*Counsel for Plaintiff* |